1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BENNETT YOUNG,                         )   Case No.  CV 12-11 UA (MRW)
                                       )
                    Plaintiff,         )
                                       )   ORDER DISMISSING ACTION
           vs.                         )
                                       )
BUREAU OF PRISONS,                     )
                                       )
                    Defendant.         )
                                       )
_____          )


        The Court vacates the reference of this action to the Magistrate Judge and

dismisses Petitioner's action.

        Plaintiff Young is a prisoner at the federal facility at Victorville, California.

In January 2012, the Court received a letter from Plaintiff entitled "Request for

Emergency Relief." (Docket # 1.)  Plaintiff stated that his life was in imminent

danger due to alleged misconduct by prison employees.  Plaintiff did not file a civil

complaint or other documents required to commence a lawsuit, nor was his

"Request" accompanied by any evidence of illegal conduct by the prison.

        Magistrate Judge Wilner instructed Plaintiff to submit a civil complaint

within three weeks, and ordered the letter to be served on counsel for the Bureau of

Prisons.  (Docket # 2.)  Plaintiff subsequently requested an extension of the time

by which he was to file a prospective civil rights complaint. The Court ordered Plaintiff to file his complaint by February 27, 2012. The Court warned Plaintiff that the failure to file a complaint by that date would lead to dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b). (Docket # 5.) To date, however, Plaintiff has not filed a civil complaint with the Court.

* * *

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010); Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992).

In the present action, Plaintiff tried to commence a civil case with a letter to the Court. The Court provided him with over two months to file an appropriate civil complaint. Plaintiff failed to do so. As a result, the Court concludes that Plaintiff does not wish to advance his case here. By contrast, the Court, the government, and the public have a strong interest in terminating this action. The Court therefore finds that dismissal is appropriate under Rule 41(b).

The Court therefore orders that the action be DISMISSED without prejudice for the reasons stated above.

IT IS SO ORDERED.

DATED: 3/13/12

_____
AUDREY B. COLLINS
CHIEF UNITED STATES DISTRICT JUDGE

2